IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LAC HOILIEN, | ) | CIVIL NO. 11-00357 JMS-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY DEFENDANTS ONEWEST BANK, |
| vs. | ) | FSB AND MORTGAGE ELECTRONIC |
| | ) | REGISTRATION SYSTEMS, INC.'S |
| ONEWEST BANK, FSB; ET AL., | ) | MOTION FOR ATTORNEYS' FEES AND |
| | ) | COSTS |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS
ONEWEST BANK, FSB AND MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS[1]

Before the Court is Defendants OneWest Bank, FSB and Mortgage Electronic Registration Systems, Inc.'s ("Bank Defendants") Motion for Attorneys' Fees and Costs, filed on April 19, 2013 ("Motion"). ECF No. 81. After her request for an extension of time was granted, Plaintiff filed an Opposition to the Motion on June 28, 2013. See ECF Nos. 90, 92. The Bank Defendants filed their Reply on July 8, 2013. ECF No. 94. The Court found this matter suitable for disposition without a hearing pursuant to Rule 54.3(f) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 82. After carefully reviewing the parties' submissions

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

and the relevant legal authority, the Court FINDS AND RECOMMENDS that the Bank Defendants' Motion be DENIED for the reasons set forth below.

## BACKGROUND

In March 2007, Plaintiff entered into a loan transaction for $520,000, which was secured by a mortgage on certain real property.  ECF No. 24 ¶¶ 9-10.  Plaintiff's mortgage was assigned to OneWest on January 11, 2010.  ECF No. 43 at 4.  The subject property was sold at a public non-judicial foreclosure auction to OneWest in March 2010.  Id.  On July 27, 2010, OneWest commenced an ejectment action in the District Court of the Second Circuit of Hawaii ("Maui District Court").  Id.  On January 13, 2011, the Maui District Court entered a Judgment for Possession and a Writ of Possession in favor of OneWest.  Id.  Plaintiff appealed the ejectment action to the Hawaii Intermediate Court of Appeals ("ICA").  Id. at 4-5.

While the ejectment action appeal to the ICA was pending, Plaintiff, proceeding pro se, filed a Complaint in this court.  See ECF No. 1.  On November 20, 2011, Plaintiff, represented by counsel, filed a First Amended Complaint ("FAC").  See ECF No. 24.  The Bank Defendants filed a motion to dismiss the FAC on December 23, 2011.  ECF No. 26.  In opposing the motion to dismiss, Plaintiff explained that the allegations in the FAC had been erroneously entwined with a filing from another

case, "and the wrong Amended Complaint was filed in this case." ECF No. 43 at 7.  Plaintiff's counsel stated that they were not aware that the FAC was incorrect until February 27, 2012, attached the "correct" FAC to the opposition, and requested that the court "allow and consider the pleading to be superseded by the attached FAC."  Id. at 7.  The Court denied Plaintiff's request and dismissed the FAC.  Id.  The Court examined each of the claims asserted in the FAC and dismissed with prejudice three counts for injunctive relief, Truth in Lending Act violations, and Real Estate Procedures Act violations, because those claims could not be cured by further amendment.  Id. at 49.  The court dismissed the other sixteen counts in the FAC without prejudice and granted Plaintiff leave to file an amended complaint.  Id.  Plaintiff filed a Second Amended Complaint ("SAC") on May 4, 2012.  ECF No. 44.

On June 29, 2012, the ICA issued a decision affirming the Maui District Court's Judgment of Possession and Writ of Possession ("ICA decision").  See ECF No. 55-1.

Although no extensions of time to respond to the complaint were granted by the court, the Bank Defendants did not file their Answer to the SAC and Counterclaim until November 8, 2012, six months after the SAC was filed.  See ECF No. 58.  On the next day, the Bank Defendants filed motions for summary judgment.  ECF Nos. 52, 53.

3

On February 5, 2013, the court issued an order stating that although Plaintiff had not filed oppositions to the motions for summary judgment, it appeared that the court lacked subject matter jurisdiction over this action under the Rooker/Feldman doctrine based on the ICA's decision affirming the Maui District Court's Judgment of Possession and Writ of Possession. ECF No. 66 (citing ECF No. 55-1). The court instructed the parties to file supplemental memoranda regarding jurisdiction. Id. Instead of filing a supplemental memorandum, Plaintiff filed a request for dismissal, which the court construed as a motion to dismiss. ECF Nos. 67, 69. The Bank Defendants opposed Plaintiff's motion to dismiss. ECF No. 71. The Bank Defendants also filed a supplemental memorandum asserting that the court had subject matter jurisdiction because the SAC and the Counterclaim "are requesting new relief different from the relief sought and decided by the [ICA] in its June 29, 2012" decision. ECF No. 70 at 2. The Bank Defendants contended that the SAC did not seek to "disturb the judgment" of the state court, but instead "the SAC asserts completely different causes of action" against the Bank Defendants. Id. at 13.

A status conference was held on February 22, 2013, and the court ordered the parties to meet and confer regarding the pending motion for summary judgment and motion to dismiss. ECF No. 73. A further status conference was held on March 1, 2013,

and the court directed Plaintiff's counsel to file a response regarding the writ of ejectment issue raised in the Bank Defendants' motions for summary judgment.  ECF No. 74.  In response, Plaintiff submitted a proposed stipulation of dismissal and ejectment.  ECF No. 75.  The Bank Defendants submitted a revised proposed stipulation for dismissal and proposed writ of ejectment a few days later, which were approved and entered by the court.  ECF Nos. 76, 77, 78.

The Bank Defendants filed the present Motion on April 19, 2013.  ECF No. 81.  On the same day, the Bank Defendants sent a letter to the court requesting entry of final judgment, which the court construed as a motion under Federal Rule of Civil Procedure 58(d).  See ECF Nos. 80, 84.  Based on the stipulation to dismiss all claims with prejudice and issue a writ of ejectment/possession on OneWest's Counterclaim, the court directed entry of final judgment on April 23, 2013.  ECF Nos. 84, 86.

## DISCUSSION

Under the American Rule, each party is generally responsible for paying for his or her own litigation expenses. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602 (2001).  To recover attorneys' fees, the award of fees must be explicitly authorized by statute or other legal authority.  See Stanton Rd. Ass'n v. Lohrey

Entm't, 984 F.2d 1015, 1018 (9th Cir. 1993).  A party seeking attorneys' fees must specify the applicable statutory or contractual authority entitling it to such fees.  LR54.3(c).  The Bank Defendants request fees and costs under three alternative bases:  Federal Rule of Civil Procedure 11; Hawaii Revised Statutes Section 607-14.5; and the Court's inherent powers.  ECF No. 81-1 at 11-30.  Each of these bases is addressed below.

        A.    Federal Rule of Civil Procedure 11

The Bank Defendants ask the Court to award fees as sanctions under Rule 11 against Plaintiff for filing the FAC and SAC.  ECF No. 81-1 at 13.  Rule 11 provides strict procedural requirements that parties must follow when they move for sanctions.  Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 789 (9th Cir. 2001).  To comply with these procedural requirements, the Bank Defendants were required to serve their Rule 11 motion on Plaintiff and allow Plaintiff at least twenty-one days to retract the pleading before the Bank Defendants filed their Rule 11 motion with the court.  See Fed. R. Civ. P. 11(c)(2).  There is no indication in the record that the Bank Defendants followed the procedural requirements of Rule 11.

In regards to the FAC, the Bank Defendants emailed Plaintiff's counsel that a "Rule 11 letter" would be sent, but it does not appear that the Bank Defendants sent one.  See ECF No. 81-1 at 14.  For the SAC, the Bank Defendants sent a "Rule 11

letter" to Plaintiff's counsel on May 15, 2012, requesting the withdraw of the SAC under Rule 11.  See ECF No. 81-4.  However, informal notifications, like the "Rule 11 letter" sent by the Bank Defendants, are insufficient under Rule 11, which requires service of the motion for sanctions.  See Barber v. Miller, 146 F.3d 707, 710-11 (9th Cir. 1998) (holding that the procedural requirements of Rule 11's "safe harbor" are mandatory and that informal warnings threatening to seek Rule 11 sanctions were insufficient); Fed. R. Civ. P. 11(c)(2).  The Bank Defendants did not serve Plaintiff with their motion in advance of filing and thus did not comply with the twenty-one day advance service provision of Rule 11.  Accordingly, the Court finds that the Bank Defendants are not entitled to sanctions under Rule 11(c)(2).  To the extent the Bank Defendants are inviting the Court to initiate sanctions pursuant to FRCP 11(c)(3), (see ECF No. 81-1 at 13), the Court declines to order Plaintiff to show cause why Rule 11 sanctions should not be imposed.  See Fed. R. Civ. P. 11(c)(3).  The Court RECOMMENDS that the Bank Defendants' request for attorneys' fees and costs pursuant to Rule 11 be DENIED.

        B.    Hawaii Revised Statutes Section 607-14.5

The Bank Defendants alternatively seek attorneys' fees and costs pursuant to Hawaii Revised Statutes Section 607-14.5. "When a district court . . . hears state law claims based on supplemental jurisdiction, the court applies state substantive

law to the state law claims." Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC, 632 F.3d 1056, 1060 (9th Cir. 2011). Under Hawaii law, "attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement." Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Haw. 286, 305, 141 P.3d 459, 478 (2006) (citation and quotation marks omitted). Although not specified in the Bank Defendants' Motion, their request for attorneys' fees under Section 607-14.5 only applies to the state law claims asserted against them.

   Section 607-14.5 states that a court may award attorneys' fees and costs "upon a specific finding that all or a portion of the party's claims or defense was frivolous." Haw. Rev. Stat. § 607-14.5(a). Before awarding fees and costs, the court must make a written finding that all or a portion of the claims "are frivolous and are not reasonably supported by the facts and the law in the civil action." Id. § 607-14.5(b). In Canalez v. Bob's Appliance Service Center, Inc., the Supreme Court of Hawaii defined a frivolous claim as "a claim so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required." 89 Haw. 292, 303 (Haw. 1999) (internal citation omitted). Here, the Bank Defendants ask this Court to find that the filed and "correct" FAC and the SAC were frivolous. ECF No.

81-1 at 19.[2]

First, the Court finds that the Bank Defendants are not entitled to fees under Section 607-14.5 as to the filed and "correct" FAC.  Judge Ezra rejected Plaintiff's request to consider the "correct" FAC as the operative complaint and determined that the filed FAC should be dismissed with leave to amend.  See ECF No. 43 at 7-8, 49.  Although Judge Ezra has both the filed and "correct" FAC before him, Judge Ezra did not make a finding in writing that Plaintiff's claims were patently frivolous or made in bad faith.  This Court was not involved with the motion to dismiss the FAC and cannot speak to the merits of Plaintiff's claims.  It would be inappropriate for this Court to make a finding of frivolousness when Judge Ezra, who had the opportunity to carefully assess the merits of the claims, did not do so.  Absent a written finding by Judge Ezra that Plaintiff's claims in the FAC were frivolous, as defined by Hawaii case law, the Court is unable to recommend an award of attorneys' fees and

---

[2] The Bank Defendants attempt to incorporate by reference their arguments from their briefs related to the motion to dismiss the FAC, motion for summary judgment regarding the SAC, motion for summary judgment regarding OneWest's Counterclaim, and opposition to Plaintiff's request for dismissal.  ECF No. 81-1 at 19.  The Court only addresses the arguments raised in the Bank Defendants' Motion and declines to hunt through the filings in this action to determine the Bank Defendants' prior arguments. See Roth v. Meridian Fin. Network, Inc., Civil No. 07-00045 JMS/BMK, 2008 WL 3850478, at *2 (D. Haw. Aug. 19, 2008) (explaining that a party may not "refer back" to a prior motion or "incorporate by reference" earlier arguments that they wish the court to consider in their present motion).

costs under Section 607-14.5.

Second, the Court finds that the Bank Defendants are not entitled to fees under Section 607-14.5 as to the SAC. The Bank Defendants assert that the SAC was frivolous because it failed to meet the basic pleading requirements of Rule 8(a) and the heightened pleading requirements of Rule 9(b). ECF No. 81-1 at 25. However, the Bank Defendants filed a motion for summary judgment making additional detailed arguments against the substantive basis for all of Plaintiff's claims, (see ECF No. 52-1 at 16-35), which undercuts the Bank Defendants' position that the SAC was so manifestly without merit "such that argument to the court was not required." See Canalez, 89 Haw. 292, 303. In their motion for summary judgment, the Bank Defendants did not argue that the claims were brought in bad faith. Instead, the Bank Defendants argued that Plaintiff's claims should be dismissed based on their legal and factual inadequacies. Alternatively, the Bank Defendants assert that the SAC became frivolous when the ICA decision was issued. ECF No. 81-1 at 26-27. The Bank Defendants assert that the ICA decision rendered the SAC barred pursuant to res judicata. Id. at 27. Notably, the Bank Defendants did not make this argument in their motion for summary judgment, filed more than five months after the ICA decision was issued. See ECF Nos. 52-1. Although Judge Seabright ultimately approved the stipulation for dismissal,

which stated that Plaintiff's claims are moot and barred under res judicata as a result of the ICA decision (see ECF No. 77 at 2), as noted above, the Bank Defendants previously argued to the court that the SAC requested "new relief different from the relief sought and decided by the [ICA] in its June 29, 2012" decision and "assert[ed] completely different causes of action" against the Bank Defendants.  See ECF No. 70 at 2, 13.  Although the SAC was ultimately dismissed by stipulation, based on the Bank Defendants' own arguments regarding the substance of the claims asserted in the SAC, the Court is unable to find that the claims asserted in the SAC were manifestly and palpably without merit so as to indicate bad faith.  For these reasons, the Court RECOMMENDS that the Bank Defendants' request for attorneys' fees and costs under Section 607-14.5 be DENIED.

        C.    The Court's Inherent Powers

Finally, the Bank Defendants request attorneys' fees and costs as sanctions against Plaintiff pursuant to the Court's inherent powers.  The Ninth Circuit requires a specific finding of bad faith before a court may issue sanctions pursuant to its inherent powers.  Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001).  This means that a court must specifically find bad faith or conduct tantamount to bad faith.  Id. at 994.  The court may issue sanctions for bad faith based on "a variety of types of willful actions, including recklessness when combined with an

11

additional factor such as frivolousness, harassment, or an improper purpose." Id.  This is a high standard that the Bank Defendants have not met in this case.  The Bank Defendants have not identified any rulings in this case which indicate that Plaintiff acted in bad faith, vexatiously, wantonly, or for oppressive reasons.  As noted above in regards to the FAC, Judge Ezra examined the merits of Plaintiff's claims and permitted Plaintiff to file an amended complaint as to most of the claims asserted.  See ECF No. 43 at 14-49.  Further, as detailed above, the Court does not find that the filing of the SAC was done in bad faith.

In addition to their arguments based on the FAC and SAC, the Bank Defendants assert that Plaintiff's and Plaintiff's counsel's "bad faith" is evidenced in ten other instances.  See ECF No. 81-1 at 30-35.  First, the Court is not persuaded that the filing and voluntary dismissal of a different case involving the same property and mortgage is evidence of bad faith.  See id. at 30.  It appears that the prior case was voluntarily dismissed without prejudice, which would have allowed Plaintiff to reassert her claims in a new suit.  See Fed. R. Civ. P. 41(a).  Regarding the second, third, fourth, fifth, and sixth instances discussed, the Court agrees that Plaintiff's counsel was generally careless and inattentive to the details of this case.  See ECF No. 81-1 at 30-32.  However, these missed deadlines, formatting issues, lack

12

of discovery, and proofreading errors appear to be a result of Plaintiff's counsel's negligence and not willful actions done to harass the Bank Defendants or for another improper purpose. The Court rejects the Bank Defendants' seventh argument regarding the SAC for the reasons discussed above. See id. at 32. The Court also rejects the Bank Defendants' eighth argument regarding Plaintiff's counsel's "recalcitrance" about the writ of ejectment. See id. The Bank Defendants do not demonstrate that Plaintiff's counsel's one-month delay in agreeing to the writ was done in bad faith. During this time, counsel had two status conferences with Judge Seabright; however, there is no indication in the minutes from these conferences that Judge Seabright made a finding that Plaintiff's counsel's actions were done in bad faith. See ECF Nos. 73, 74. Finally, in the ninth and tenth instances, the Bank Defendants allege that Plaintiff was "playing games" to fight eviction by providing leases that "appear to be fraudulent" and insinuate that Plaintiff's counsel personally benefitted from delaying possession of the property. See ECF No. 81-1 at 33-35. The Bank Defendants do not contend that the leases prevented them from enforcing the writ of ejectment. Plaintiff's counsel address the allegations of personal benefit in their declarations in support of Plaintiff's Opposition to the present Motion. See ECF No. 92-1 ¶¶ 17; ECF No. 92-2 ¶¶ 15-17. Based on the information before the Court, it does not appear

that these instances provide sufficient evidence of Plaintiff's or Plaintiff's counsel's bad faith to justify the imposition of sanctions under the Court's inherent powers.  This Court RECOMMENDS that the Bank Defendants' request for attorneys' fees and costs pursuant to the court's inherent powers be DENIED.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court DENY Defendants OneWest Bank, FSB and Mortgage Electronic Registration Systems, Inc.'s Motion for Attorneys' Fees and Costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 18, 2013.

_____
Richard L. Puglisi
United States Magistrate Judge

**HOLIEN V. ONEWEST BANK, FSB, ET AL.,; CIVIL NO. 11-00357 JMS-RLP; FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS ONEWEST BANK, FSB AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS**